## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **TEXAS EXCAVATION SAFETY SYSTEM, INC., d/b/a TEXAS 811** | § § § | |
| **Plaintiff,** | § § | |
| **v.** | § § | **CIVIL ACTION NO. 3:18-cv-02827** |
| **ONE CALL CONCEPTS, INC., d/b/a LONE STAR 811,** | § § § | |
| **Defendants.** | § § § | |

---

### DEFENDANT ONE CALL CONCEPTS, INC., d/b/a LONE STAR 811's AMENDED ANSWER TO PLAINTIFF'S AMENDED COMPLAINT FOR DECLARATORY RELIEF AND DAMAGES [DOC. 16]

**TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:**

NOW COMES Defendant One Call Concepts, Inc., d/b/a Lone Star 811 ("Defendant" or "Lone Star") and files this Amended Answer to Texas Excavation Safety System, Inc., d/b/a Texas 811's ("Plaintiff" or "Texas 811") Amended Complaint for Declaratory Relief and Damages (Doc. 16) (the "Amended Complaint").

### ADMISSIONS AND DENIALS

1.     Defendant admits the averments in Paragraph 1 of the Amended Complaint that the Texas Utilities Code requires Excavators to contact a Notification Center before they Excavate.  Defendant lacks knowledge or information sufficient to form a belief about the truth of Plaintiff's claims that few Texans know what happens after they dial 811 or contact a Notification Center on the internet.

Defendant admits that calls to 811, after entering a call routing system, are supposed to be routed to one of the two Notification Centers in Texas, Texas 811 or Lone Star. Defendant lacks knowledge or information sufficient to form a belief about the truth of Plaintiff's claims regarding the specific actions taken by the Texas 811 representatives that answer calls from Excavators.   Defendant admits that Defendant collects information from Excavators regarding planned Excavations or processes the information provided online.  Defendant admits that once the location of the Excavation is determined Defendant sends notice of the excavation to any Operator of an Underground Facility participating in the Notification Center whose facilities may be in the area of Excavation.  Plaintiff's allegation that under the Texas Utilities Code §251.105(a), a notification center that notifies another notification center under Section 251.102(2) or (3) or Section 251.153(b) shall recover an amount not exceeding the actual cost of providing the notice from the notification center receiving the notice is an averment of law that requires no response.  Defendant lacks knowledge or information sufficient to form a belief about the truth of Plaintiff's claim regarding Plaintiff's intentions in filing this suit being only about Texas 811's effort to recover their costs for providing notice to Lone Star and that allegation is therefore denied.  Otherwise, the averments in Paragraph 1 are denied.

2.     Paragraph 2 of the Amended Complaint contains legal averments to which no response is required.  Defendant admits that Texas 811 and Lone Star are Notification Centers registered with the Texas Underground Facility Notification Corporation which is commonly referred to as the "One Call Board".  Defendant admits that Plaintiff appears to have properly recited selected excerpts from the

Texas Utilities Code.  Otherwise, the averments in Paragraph 2 are denied.

3.      Paragraph 3 of the Amended Complaint contains legal averments to which no response is required.  Defendant denies the averments in Paragraph 3 to the extent they assert or imply that Plaintiff is entitled to any relief or that Defendant is liable to Plaintiff for actual costs as construed by Plaintiff in the Complaint, attorneys' fees or costs.  Otherwise, the averments in Paragraph 3 are denied.

4.      Paragraph 4 of the Amended Complaint contains legal averments to which no response is required.  Defendant denies that Plaintiff has suffered damages as a result of Defendant's practices.  Defendant denies having violated §43(a) of the Lanham Act, 15 U.S.C §1125(a) or the Texas common law of unfair competition.  Defendant admits that the One Call Act requires Texas 811 to intake information, create a ticket and send information to Lone Star.  Defendant admits that certain of the data provided by Plaintiff to Defendant is incorporated into Defendant's tickets to its utility operator members in order to provide them an opportunity to physically locate and mark the approximate location of their underground lines to help the excavator avoid accidental damage.  Defendant denies that it "takes Texas 811's 'work product' and designates it as a Lone Star ticket".  Defendant generally admits that 80% of OILRs originate through Plaintiff.  Defendant denies that 80% of resulting tickets are Plaintiff's "work product".  Defendant admits that both notification centers are tasked with receiving information about a planned excavation, identifying the area to be excavated and notifying affected utility operator members of the excavation.  Defendant admits that by necessity the two

3

notification centers provide a somewhat similar ticket or "work product". Defendant denies that it has used misleading advertising and marketing practices to compete unfairly with Texas 811. Defendant denies that it is misleading customers with respect to "the nature and origin of the work product – the ticket". Defendant lacks knowledge or information sufficient to form a belief about the truth of Plaintiff's claims regarding customers leaving Texas 811 for Lone Star. Otherwise, the averments in Paragraph 4 are denied.

5. Paragraph 5 of the Amended Complaint contains legal averments to which no response is required. Defendant admits that this Court has jurisdiction over the parties and the subject matter. Defendant denies the averments in Paragraph 5 to the extent they assert or imply that Plaintiff is entitled to any relief or that Defendant is liable to Plaintiff for actual costs as construed by Plaintiff in the Complaint, attorneys' fees or costs. Defendant generally admits the accuracy of Plaintiff's averments relating to the number of the Original Incoming Locate Requests ("OILR") and the average rate of OILR per month during the twelve (12) month period beginning September 2017 and concluding August 2018. Defendant denies that Plaintiff's average, actual cost of providing information to Defendant during that period was at least $0.95 per OILR, or at least $211,869.00 per month. Defendant denies that Plaintiff incurred in September 2018 an actual cost of at least $0.95 for 201,967 notices provided to Defendant for a total charge of $191,868.65. Defendant admits that Plaintiff has sought to charge Defendant for information allegedly provided to Defendant. Defendant lacks knowledge or information sufficient to form a belief about the truth of Plaintiff's claims regarding the projected

4

volume and cost of future OILR and these allegations are therefore denied. Defendant admits that One Call Concepts, Inc. is a corporation duly incorporated and existing under and by virtue of the laws of Maryland.   Defendant lacks knowledge or information sufficient to form a belief about the truth of Plaintiff's claims regarding whether Texas 811 is a citizen of the State of Texas.   Defendant admits that Lone Star is a citizen of the State of Maryland and that its principal place of business is located in Maryland.   Otherwise, the averments in Paragraph 5 are denied.

6.     Paragraph 6 of the Amended Complaint contains legal averments to which no response is required.   Defendant admits that this Court has jurisdiction over the parties and the subject matter. Defendant denies the averments in Paragraph 6 to the extent they assert or imply that Plaintiff is entitled to any relief or that Defendant has violated the Lanham Act.

7.     Paragraph 7 of the Amended Complaint contains legal averments to which no response is required.   Defendant admits that this Court has jurisdiction over the parties and the subject matter.

8.     Paragraph 8 of the Amended Complaint contains legal averments to which no response is required.   Defendant admits that venue is proper in the Northern District of Texas.   Defendant lacks knowledge or information sufficient to form a belief about the truth of Plaintiff's claims in Paragraph 8 regarding the origin of actual costs allegedly incurred, notices allegedly provided, and invoices allegedly sent or to be sent to Defendant and these allegations are therefore denied.   Defendant denies the averments in Paragraph 8 to the extent they assert or imply that Plaintiff

5

is entitled to any relief or that Defendant is liable to Plaintiff for actual costs as construed by Plaintiff in the Amended Complaint, attorneys' fees or costs.

9.      Paragraph 9 of the Amended Complaint contains legal averments to which no response is required.   Defendant admits that venue is proper in the Northern District of Texas.   Defendant lacks knowledge or information sufficient to form a belief about the truth of Plaintiff's claims in Paragraph 9 regarding the origin of actual costs allegedly incurred, notices allegedly provided, and invoices allegedly sent or to be sent to Defendant and these allegations are therefore denied.   Defendant denies the averments in Paragraph 9 to the extent they assert or imply that Plaintiff is entitled to any relief, that Defendant is liable to Plaintiff for actual costs as construed by Plaintiff in the Amended Complaint or that Defendant violated the Lanham Act or the Texas common law of unfair competition.

10.      Defendant admits the averments in Paragraph 10 of the Amended Complaint.

11.      Defendant admits the averments in Paragraph 11 of the Amended Complaint that it is a Maryland for-profit corporation with its principal place of business in Hanover, Maryland.

12.      Defendant admits the averments in Paragraph 12 of the Amended Complaint that Plaintiff is one of two Notification Centers operating in the State of Texas.   Defendant lacks knowledge or information sufficient to form a belief about the truth of Plaintiff's remaining averments in Paragraph 12 and these allegations are therefore denied.

13. Defendant admits the averments in Paragraph 13 of the Amended Complaint.

14. Paragraph 14 of the Amended Complaint contains legal averments to which no response is required.

15. Defendant admits the averments in Paragraph 15 of the Amended Complaint that the One Call Board has published on its website a general description of how the One Call System works. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining averments in Paragraph 15 and these allegations are therefore denied.

16. To the extent the allegations in Paragraph 16 are intended as averments of law, no response is required. Otherwise, Defendant admits the averments in Paragraph 16 of the Amended Complaint.

17. To the extent the allegations in Paragraph 17 are intended as averments of law, no response is required. Otherwise, Defendant admits the averments in Paragraph 17 of the Amended Complaint.

18. Paragraph 18 of the Amended Complaint contains legal averments to which no response is required. Otherwise, to the extent any responsive pleading is required, Defendant admits that the selected excerpts of the Texas Utility Code appear to be correctly cited. Defendant denies the averments in Paragraph 18 to the extent they assert or imply that Plaintiff is entitled to any relief or that Defendant is liable to Plaintiff for actual costs as construed by Plaintiff in the Amended Complaint or that Defendant violated the Lanham Act or the Texas common law of unfair competition.

19.     Paragraph 19 of the Amended Complaint contains legal averments to which no response is required. Otherwise, to the extent any responsive pleading is required, Defendant admits that the selected excerpts of the Texas Utility Code appear to be correctly cited.  Defendant denies the averments in Paragraph 19 to the extent they assert or imply that Plaintiff is entitled to any relief or that Defendant is liable to Plaintiff for actual costs as construed by Plaintiff in the Amended Complaint or that Defendant violated the Lanham Act or the Texas common law of unfair competition.

20.     Paragraph 20 of the Amended Complaint contains legal averments to which no response is required. Otherwise, to the extent any responsive pleading is required, Defendant denies the averments in Paragraph 20 to the extent they assert or imply that Plaintiff can withhold critical information provided by excavators from tickets transmitted to Defendant that could place the lives of excavators and the public at risk as well as exposing underground facilities to risk of damage. Defendant further denies the averments in Paragraph 20 to the extent they assert or imply that Plaintiff is entitled to any relief or that Defendant is liable to Plaintiff for actual costs as construed by Plaintiff in the Amended Complaint or that Defendant violated the Lanham Act or the Texas common law of unfair competition.

21.     Paragraph 21 of the Amended Complaint contains legal averments to which no response is required.  Otherwise, to the extent any responsive pleading is required, Defendant admits that the selected excerpt of the Texas Utility Code appears to be correctly cited.  Defendant denies the averments in Paragraph 21 to the extent they assert or imply that Plaintiff is entitled to any relief or that

8

Defendant is liable to Plaintiff for actual costs as construed by Plaintiff in the Amended Complaint or that Defendant violated the Lanham Act or the Texas common law of unfair competition.

22.     Defendant lacks knowledge or information sufficient to form a belief about the truth of Plaintiffs' allegation in Paragraph 22 of the Amended Complaint regarding Defendant's investment in technology, advertising and seminars or the "Excavator preference" claimed by Plaintiff and these allegations are therefore denied.   Otherwise, to the extent any further responsive pleading is required, Defendant denies the averments in Paragraph 22 to the extent they assert or imply that Plaintiff is entitled to any relief or that Defendant is liable to Plaintiff for actual costs as construed by Plaintiff in the Amended Complaint, or that Defendant violated the Lanham Act or the Texas common law of unfair competition.

23.     Defendant lacks knowledge or information sufficient to form a belief about the truth of Plaintiff's allegation in Paragraph 23 of the Amended Complaint regarding Defendant's hiring and training practices or the number of Damage Prevention Agents "necessary to take each call or process electronic locate requests" and these allegations are therefore denied.   Defendant lacks knowledge or information sufficient to form a belief about the truth of Plaintiff's allegation in Paragraph 23 of the Amended Complaint regarding Plaintiff's employment of Quality Assurance personnel or the time and/or resources Plaintiff commits to training and re-training its staff and these allegations are therefore denied. Defendant denies the averments in Paragraph 23 to the extent they assert or imply that Plaintiff is entitled to any relief or that Defendant is liable to Plaintiff for actual

costs as construed by Plaintiff in the Amended Complaint, or that Defendant violated the Lanham Act or the Texas common law of unfair competition.

24.    Defendant lacks knowledge or information sufficient to form a belief about the truth of Plaintiff's allegation in Paragraph 24 of the Amended Complaint regarding Plaintiff's investments in hardware, software, communications lines and facilities and these allegations are therefore denied.    Defendant denies the averments in Paragraph 24 to the extent they assert or imply that Plaintiff is entitled to any relief or that Defendant is liable to Plaintiff for actual costs as construed by Plaintiff in the Amended Complaint, or that Defendant violated the Lanham Act or the Texas common law of unfair competition.

25.    Defendant denies the accuracy of Plaintiff's averments in Paragraph 25 of the Amended Complaint regarding the terms "automatically populated" and "work product".  Defendant admits that roughly 80% of OILR originate through Plaintiff. Defendant denies that Defendant's tickets are "merely Texas 811's work product labeled as Lone Star's ticket."   Defendant denies the remaining averments in Paragraph 25 of the Amended Complaint.

26.    Defendant generally admits the accuracy of Plaintiff's averments in Paragraph 26 of the Amended Complaint relating to the number of the OILR and the average rate of OILR per month during the twelve (12) month period beginning September 2017 and concluding August 2018.  Defendant denies the averments in Paragraph 26 to the extent they assert or imply that Plaintiff is entitled to any relief or that Defendant is liable to Plaintiff for actual costs as construed by Plaintiff in

the Amended Complaint, or that Defendant violated the Lanham Act or the Texas common law of unfair competition.

27.   Defendant denies the averments in Paragraph 27 of the Amended Complaint.

28.   Defendant lacks knowledge or information sufficient to form a belief about the truth of Plaintiff's allegation in Paragraph 28 of the Amended Complaint regarding the percentage of Plaintiff's total monthly expense burden included in the "actual costs" figure or the "projections" undertaken by Plaintiff regarding the "volume and cost per notice" and these allegations are therefore denied.  Defendant denies that Plaintiff's calculation of "actual costs" is recoverable from Defendant under the Utilities Code.   Defendant denies that the Utilities Code authorizes recovery of costs, other than the costs associated with transmittal or delivery of a notice from one notification center to another.  Defendant denies the averments in Paragraph 28 to the extent they assert or imply that Plaintiff is entitled to any relief or that Defendant is liable to Plaintiff for actual costs as construed by Plaintiff in the Amended Complaint, or that Defendant violated the Lanham Act or the Texas common law of unfair competition.

29.   Defendant admits the averments in Paragraph 29 of the Amended Complaint that Plaintiff sent a letter dated July 2, 2018 to Defendant noting the volume of inbound locate requests handled by Plaintiff, claiming it "bears the cost of a vast majority of the One Call work in Texas", stating that Defendant intends to "begin cost recovery as the statute requires" and suggesting that Defendant "is, of course, also entitled to recover costs under the statute".   Defendant denies the

averments in Paragraph 29 to the extent they assert or imply that Plaintiff is entitled to any relief or that Defendant is liable to Plaintiff for actual costs as construed by Plaintiff in the Amended Complaint, or that Defendant violated the Lanham Act or the Texas common law of unfair competition.

30.    Defendant admits the averments in Paragraph 30 of the Amended Complaint.

31.    Defendant admits the averments in Paragraph 31 of the Amended Complaint that there was further communication regarding the issues raised in Plaintiff's letter dated July 2, 2018 to Defendant.   Defendant lacks knowledge or information sufficient to form a belief about the truth of Plaintiff's allegations in Paragraph 31 regarding a temporary delay in implementing its plan to begin charging Defendant for costs.   Defendant denies the averments in Paragraph 31 to the extent they assert or imply that Plaintiff is entitled to any relief or that Defendant is liable to Plaintiff for actual costs as construed by Plaintiff in the Amended Complaint, or that Defendant violated the Lanham Act or the Texas common law of unfair competition.

32.    Defendant generally admits the accuracy of Plaintiff's averments relating to the number of notices of intent to excavate sent to Defendant by Plaintiff in September, October, November and December of 2018.   Defendant admits the averments in Paragraph 32 of the Amended Complaint regarding Plaintiff sending invoices to Defendant seeking payment of $0.95 per notice.   Defendant admits that copies of these invoices are attached to the Amended Complaint as Exhibits "B", "C", "D" and "E".    Defendant lacks knowledge or information sufficient to form a belief

about the truth of Plaintiff's allegations in Paragraph 32 regarding Plaintiff's actual costs of providing the notices to Defendant or the amount Plaintiff charges its members for tickets sent to them as a result of a notice of intent to excavate for which they are notified, and these allegations are therefore denied. Defendant denies the averments in Paragraph 32 to the extent they assert or imply that Plaintiff is entitled to any relief or that Defendant is liable to Plaintiff for actual costs as construed by Plaintiff in the Amended Complaint, or that Defendant violated the Lanham Act or the Texas common law of unfair competition.

33. Defendant admits the averments in Paragraph 33 of the Amended Complaint regarding Defendant's refusal to pay the invoice that Plaintiff characterized as Plaintiff's "actual costs". Defendant denies that Plaintiff subsidizes Defendant's "operations by saving Lone Star the costs necessarily incurred to receive and process OILRs from Excavators" in Texas. Defendant denies the averments in Paragraph 33 to the extent they assert or imply that Plaintiff is entitled to any relief or that Defendant is liable to Plaintiff for actual costs as construed by Plaintiff in the Amended Complaint, or that Defendant violated the Lanham Act or the Texas common law of unfair competition.

34. Defendant admits the averments in Paragraph 34 of the Amended Complaint.

35. Defendant denies the averments in Paragraph 35 of the Amended Complaint.

36. Defendant admits that Texas law requires Notification Centers like Texas 811 and Lone Star to share certain information with each other. Defendant

13

lacks knowledge or information sufficient to form a belief about the truth of Plaintiff's claim in Paragraph 36 regarding Plaintiff "providing certain additional information" along with the statutorily required information with Defendant and therefore denies this averment. Defendant admits that information is transferred between the Notification Centers by use of FTP data sharing. Defendant denies that the information transmitted to Defendant by Plaintiff is delivered to Defendant's "parent company" in Maryland. Defendant admits that Defendant converts certain data / information provided by Plaintiff into a form of ticket that is later provided to Defendant's members – a practice that is also implemented by Plaintiff upon receipt of data / information from Defendant. Defendant denies the averments in Paragraph 36 to the extent they assert or imply that Plaintiff is entitled to any relief or that Defendant is liable to Plaintiff for actual costs as construed by Plaintiff in the Amended Complaint, or that Defendant violated the Lanham Act or the Texas common law of unfair competition.

37.    Defendant lacks knowledge or information sufficient to form a belief about the truth of Plaintiff's claim in Paragraph 37 regarding Plaintiff's processes and the percentage of time that certain processes are implemented by Plaintiff in providing information to Defendant. Defendant denies the remaining averments in Paragraph 37 of the Amended Complaint. Defendant further denies the averments in Paragraph 37 to the extent they assert or imply that Plaintiff is entitled to any relief or that Defendant is liable to Plaintiff for actual costs as construed by Plaintiff in the Amended Complaint, or that Defendant violated the Lanham Act or the Texas common law of unfair competition.

38. Defendant denies the averments in Paragraph 38 of the Amended Complaint.

39. Paragraph 39 of the Amended Complaint contains legal averments to which no response is required.

40. Paragraph 40 of the Amended Complaint contains legal and procedural averments to which no response is required. Otherwise, to the extent any further responsive pleading is required, Defendant denies that §251.105(a) or any other section of the Texas Utilities Code authorizes Plaintiff to recover "actual costs" as characterized by Plaintiff. Defendant denies that Plaintiff is subsidizing Defendant's operation by saving Defendant a significant portion of the costs incurred to receive and process OILR from excavators in Texas or that Plaintiff is providing Defendant with a "free-ride." Defendant further denies the averments in Paragraph 40 to the extent they assert or imply that Plaintiff is entitled to any relief or that Defendant is liable to Plaintiff for actual costs as construed by Plaintiff in the Amended Complaint, or that Defendant violated the Lanham Act or the Texas common law of unfair competition.

41. Paragraph 41 of the Amended Complaint contains legal and procedural averments to which no response is required. Otherwise, to the extent any further responsive pleading is required, Defendant denies that §251.105(a) or any other section of the Texas Utilities Code authorizes Plaintiff to recover "actual costs" as characterized by Plaintiff. Defendant denies that §251.105(a) or any other section of the Texas Utilities Code authorizes Plaintiff to recover from Defendant "the allocable share of its actual, current costs, whether fixed or variable, attributable to the OILRs

which it receives, processes and sends notice of, to Lone Star."   Defendant denies that Plaintiff's invoices which have been or will be provided to Defendant prior to trial are for amounts which do not exceed Plaintiff's actual cost of "providing the notices" to Defendant.  Defendant further denies the averments in Paragraph 41 to the extent they assert or imply that Plaintiff is entitled to any relief or that Defendant is liable to Plaintiff for actual costs as construed by Plaintiff in the Amended Complaint, or that Defendant violated the Lanham Act or the Texas common law of unfair competition.

42.    Paragraph 42 of the Amended Complaint contains legal and procedural averments to which no response is required. Otherwise, to the extent any further responsive pleading is required, Defendant denies the averments in Paragraph 42 of the Amended Complaint.  Defendant further denies the averments in Paragraph 42 to the extent they assert or imply that Plaintiff is entitled to any relief or that Defendant is liable to Plaintiff for actual costs as construed by Plaintiff in the Amended Complaint, or that Defendant violated the Lanham Act or the Texas common law of unfair competition.

43.    Paragraph 43 of the Amended Complaint contains legal and procedural averments to which no response is required. Otherwise, to the extent any further responsive pleading is required, Defendant denies the averments in Paragraph 43 of the Amended Complaint.  Defendant further denies the averments in Paragraph 43 to the extent they assert or imply that Plaintiff is entitled to any relief or that Defendant is liable to Plaintiff for actual costs as construed by Plaintiff in the

Amended Complaint, or that Defendant violated the Lanham Act or the Texas common law of unfair competition.

44.    Paragraph 44 of the Amended Complaint contains legal and procedural averments to which no response is required. Otherwise, to the extent any further responsive pleading is required, Defendant denies the averments in Paragraph 44 of the Amended Complaint.  Defendant further denies the averments in Paragraph 44 to the extent they assert or imply that Plaintiff is entitled to any relief or that Defendant is liable to Plaintiff for actual costs as construed by Plaintiff in the Amended Complaint, that Plaintiff is providing Defendant with a "free-ride", or that Defendant violated the Lanham Act or the Texas common law of unfair competition.

45.    Paragraph 45 of the Amended Complaint contains legal averments to which no response is required.

46.    Paragraph 46 of the Amended Complaint contains legal and procedural averments to which no response is required. Otherwise, to the extent any further responsive pleading is required, Defendant denies the averments in Paragraph 46 of the Amended Complaint.  Defendant further denies the averments in Paragraph 46 to the extent they assert or imply that Plaintiff is entitled to any relief or that Defendant is liable to Plaintiff for actual costs as construed by Plaintiff in the Amended Complaint, or that Defendant violated the Lanham Act or the Texas common law of unfair competition.

47.    Defendant denies the averments in Paragraph 47 of the Amended Complaint.

48. Defendant denies the averments in Paragraph 48 of the Amended Complaint.

49. Defendant denies the averments in Paragraph 49 of the Amended Complaint.

50. Defendant lacks knowledge or information sufficient to form a belief about the truth of Plaintiff's claim in Paragraph 50 regarding the decisions of former Texas 811 customers or the reason why certain of Texas 811's customers may have decided to leave Texas 811 for Defendant. Defendant denies the averments in Paragraph 50 to the extent they assert or imply that Defendant made material misrepresentations to Plaintiff's customers, that Plaintiff is entitled to any relief, that Defendant is liable to Plaintiff for actual costs as construed by Plaintiff in the Amended Complaint, or that Defendant violated the Lanham Act or the Texas common law of unfair competition.

51. Defendant admits the averments in Paragraph 51 of the Amended Complaint.

52. Defendant denies the averments in Paragraph 52 of the Amended Complaint.

53. Paragraph 53 of the Amended Complaint contains legal and procedural averments to which no response is required. Otherwise, to the extent any further responsive pleading is required, Defendant denies the averments in Paragraph 53 of the Amended Complaint. Defendant further denies the averments in Paragraph 53 to the extent they assert or imply that Plaintiff is entitled to any relief or that Defendant is liable to Plaintiff for actual costs as construed by Plaintiff in the

Amended Complaint, or that Defendant violated the Lanham Act or the Texas common law of unfair competition.

54. Paragraph 54 of the Amended Complaint contains legal averments to which no response is required.

55. Paragraph 55 of the Amended Complaint contains legal averments to which no response is required.

56. Defendant denies the averments in Paragraph 56 of the Amended Complaint.

57. Defendant denies the averments in Paragraph 57 of the Amended Complaint.

58. Paragraph 58 of the Amended Complaint contains legal averments to which no response is required.

59. Paragraph 59 of the Amended Complaint contains legal averments to which no response is required.

60. Defendant lacks knowledge or information sufficient to form a belief about the truth of Plaintiff's claim in Paragraph 60 of the Amended Complaint regarding the alleged time, labor, skill, money, hardware, software, training and/or quality assurance measures that go into Plaintiff's tickets. Defendant denies that Plaintiff creates a ticket of better quality and utility than that of Defendant.

61. Defendant denies the averments in Paragraph 61 of the Amended Complaint.

62. Defendant denies the averments in Paragraph 62 of the Amended Complaint.

63.    Defendant lacks knowledge or information sufficient to form a belief about the truth of Plaintiff's claim in Paragraph 63 regarding the decisions of former Texas 811 customers or the reason why certain of Texas 811's customers may have decided to leave Texas 811 for Defendant.   Defendant denies the averments in Paragraph 63 to the extent they assert or imply that Defendant made material misrepresentations to Plaintiff's customers, that Plaintiff is entitled to any relief, that Defendant is liable to Plaintiff for actual costs as construed by Plaintiff in the Amended Complaint, or that Defendant violated the Lanham Act or the Texas common law of unfair competition.

64.    Defendant denies the averments in Paragraph 64 of the Amended Complaint.

65.    Paragraph (a) of the prayer contains legal and procedural averments to which no response is required.   Otherwise, to the extent any further responsive pleading is required, Defendant denies the averments in Paragraph (a) of the prayer. Defendant further denies that §251.105(a), §251.153(b), §251.102(2) or §251.102(3) or any other section(s) of the Texas Utilities Code authorizes Plaintiff to recover from Defendant "the allocable share of its actual, current costs, whether fixed or variable, attributable to the original, incoming locate requests which it receives, processes and sends notices of, to Lone Star."

66.    Paragraph (b) of the prayer contains legal and procedural averments to which no response is required.   Otherwise, to the extent any further responsive pleading is required, Defendant denies the averments in Paragraph (b) of the prayer. Defendant further denies that Plaintiff's invoices which have been provided to

20

Defendant prior to trial are for amounts which do not exceed Plaintiff's actual costs "in providing notices to" Defendant.

67.     Paragraph (c) of the prayer contains legal and procedural averments to which no response is required. Otherwise, to the extent any further responsive pleading is required, Defendant denies the averments in Paragraph (c) of the prayer.

68.     Paragraph (d) of the prayer contains legal and procedural averments to which no response is required. Otherwise, to the extent any further responsive pleading is required, Defendant denies the averments in Paragraph (d) of the prayer.

69.     Paragraph (e) of the prayer contains legal and procedural averments to which no response is required. Otherwise, to the extent any further responsive pleading is required, Defendant denies the averments in Paragraph (e) of the prayer.

70.     Paragraph (f) of the prayer contains legal and procedural averments to which no response is required. Otherwise, to the extent any further responsive pleading is required, Defendant denies the averments in Paragraph (f) of the prayer.

71.     Paragraph (g) of the prayer contains legal and procedural averments to which no response is required. Otherwise, to the extent any further responsive pleading is required, Defendant denies the averments in Paragraph (g) of the prayer.

72.     Paragraph (h) of the prayer contains legal and procedural averments to which no response is required. Otherwise, to the extent any further responsive pleading is required, Defendant denies the averments in Paragraph (h) of the prayer.

## FURTHER PLEAS AND AFFIRMATIVE DEFENSES

73.     Plaintiff's claims against Defendant are barred by waiver.

74.     In addition or in the alternative to the foregoing, Plaintiff's claims

against Defendant are barred by estoppel.

75.   In addition or in the alternative to the foregoing, Plaintiff's claims against Defendant are barred by quasi-estoppel.

76.   In addition or in the alternative to the foregoing, Plaintiff's claims against Defendant are barred by public policy of the State of Texas.

77.   In addition or in the alternative to the foregoing, Plaintiff's claims against Defendant are barred by a course of dealing between the parties that has been ratified by Plaintiff.

78.   In addition or in the alternative to the foregoing, Plaintiff's claims against Defendant are barred by industry custom, usage and practice.

79.   In addition or in the alternative to the foregoing, Plaintiff's claims against Defendant are barred by laches.

80.   In addition or in the alternative to the foregoing, Plaintiff's claims against Defendant are barred by unclean hands.

81.   In addition or in the alternative to the foregoing, Plaintiff's claims against Defendant are barred by fair use / collateral use.

82.   In addition or in the alternative to the foregoing, Plaintiff has failed to reasonably mitigate its alleged damages.

83.   In addition or in the alternative to the foregoing, the Plaintiff's right to relief against Defendant, if any, is barred in whole or in part by offset.

84.   In addition or in the alternative to the foregoing, Plaintiff's claims against Defendant are barred in whole or in part by the applicable statute(s) of limitations.

85.     In addition or in the alternative to the foregoing, Defendant seeks to recover costs and reasonable and necessary attorney's fees as are equitable and just under 28 U.S.C. §2202 and §37.009 of the Tex. Civ. Prac. & Rem. Code.

WHEREFORE, Defendant, One Call Concepts, Inc., d/b/a Lone Star 811 prays that the Court enter judgment that Plaintiff take nothing by way of this suit, that Defendant recover its costs and reasonable and necessary attorney's fees as are equitable and just and for such other and further relief, both general and special to which Defendant may be justly entitled.

Respectfully submitted,

**SHEPHERD PREWETT PLLC**

By:  /s/ Matthew M. Prewett
　　　Matthew M. Prewett
　　　Texas Bar No. 00788223
　　　Federal ID No. 17258
　　　mprewett@spcounsel.com
　　　770 South Post Oak Lane, Suite 420
　　　Houston, Texas 77056
　　　Telephone No. (713) 955–4440
　　　Facsimile No. +1 (713) 766–6542
**ATTORNEY-IN-CHARGE FOR DEFENDANT
ONE CALL CONCEPTS, INC., D/B/A LONE STAR
811**

**OF COUNSEL:**

**SHEPHERD PREWETT PLLC**
Billy Shepherd
Texas Bar No. 18219700
Federal ID No. 10666
bshepherd@spcounsel.com
770 South Post Oak Lane, Suite 420
Houston, Texas 77056
Telephone No. (713) 955–4440
Facsimile No. +1 (713) 766–6542

Stephen R. Bailey
Texas Bar No. 01536660
Federal ID No. 12718
Email: sbailey@spcounsel.com
770 South Post Oak Lane, Suite 420
Houston, Texas 77056
Telephone No. (713) 955–4440
Facsimile No. +1 (713) 766–6542

## Certificate of Service

I hereby certify that on March 6, 2019, a true and correct copy of the foregoing instrument was served on all known counsel of record in accordance with the Federal Rules of Civil Procedure, to-wit:

William B. Chaney
Russell E. Jumper
Trevor C. Lawhorn
Gray Reed & McGraw LLP
1601 Elm Street, Suite 4600
Dallas, Texas 75201
Telephone (214) 954-4135
Facsimile (214) 953-1332
**ATTORNEY FOR PLAINTIFF,**
**TEXAS EXCAVATION SAFETY SYSTEM, INC.**
**D/B/A TEXAS 811**

/s/ Matthew Prewett
Matthew M. Prewett